**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: LANNY ALLEN LAMPHERE,

Debtor.

_____

JACK SHULMAN; AMERICAN
COMPUTER COMPANY,

Appellants,

v.

LANNY ALLEN LAMPHERE,

Appellee.

No. 10-6213
(D.C. No. 5:10-CV-00021-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

_____

Jack Shulman and American Computer Company (collectively, "Shulman")

appeal the bankruptcy court's judgment in favor of debtor Lanny Allen Lamphere

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in an adversary proceeding contesting the dischargeability of a New Jersey judgment. Exercising jurisdiction under 28 U.S.C. § 158(d), we affirm.

*Background*

Shulman sued Lamphere in New Jersey for libel and defamation. Lamphere initially appeared and defended himself, but his answer was suppressed and his counterclaim was stricken because he did not participate in discovery. After he failed to appear for trial, the New Jersey court entered a default judgment, finding that he acted with malice as defined under New Jersey law and that Shulman was entitled to $431,000 in compensatory and punitive damages.

Lamphere later filed a bankruptcy petition in the Western District of Oklahoma. Relying on 11 U.S.C. § 523(a)(6), which excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity," Shulman initiated an adversary proceeding to have the New Jersey judgment declared nondischargeable. He asked the bankruptcy court to give preclusive effect to the New Jersey court's finding that Lamphere acted with malice. The bankruptcy court held that, under New Jersey law, a default judgment was not subject to collateral estoppel (issue preclusion). At trial, the bankruptcy court further found that Shulman had not established the requirements of § 523(a)(6). Accordingly, it entered judgment for Lamphere. On appeal, the district court agreed with both decisions. Shulman now appeals to this court.

*Analysis*

Shulman raises only one issue before this court: whether the bankruptcy court erred in declining to apply collateral estoppel to the New Jersey default judgment.[1] "Our review of the bankruptcy court's decision is governed by the same standards of review that govern the district court's review of the bankruptcy court." *Sovereign Bank v. Hepner (In re Roser)*, 613 F.3d 1240, 1243 (10th Cir. 2010) (quotation omitted). "Because this case presents no disputed factual issues but only matters of law, our review is de novo." *Id.*

"The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, [28 U.S.C. § 1738]." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). "This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Id.* Of New Jersey's five requirements for collateral estoppel, the only element relevant to this case is the second: that "the issue was actually litigated in the prior proceeding." *First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 423-24 (N.J. 2007).

Under New Jersey law, the entry of a default judgment generally means that the underlying issues were not actually litigated and determined, and thus the

---

[1] Shulman's opening brief does not appear to contest the bankruptcy court's conclusion, at trial, that the evidence did not satisfy § 523(a)(6). To the extent Shulman intended to assert any such arguments, they are waived by inadequate briefing. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

"actually litigated" element is not satisfied. *See Slowinski v. Valley Nat'l Bank*, 624 A.2d 85, 91 (N.J. Super.Ct.App.Div.1993); *Maglificio Allesandra v. Gross*, 453 A.2d 904, 910 (N.J. Super.Ct.App.Div.1982); *see also In re McMillan*, 579 F.2d 289, 292-93 (3d Cir. 1978); *Mattson v. Hawkins (In re Hawkins)*, 231 B.R. 222, 231-32 (D. N.J. 1999). Shulman points to a recent New Jersey Supreme Court decision as authority that under some circumstances, New Jersey will consider the issue litigated even when the first case resulted in a default judgment. *See First Union Nat'l Bank*, 921 A.2d at 425. But *First Union National Bank*'s determination regarding the actual litigation factor rested, in large part, on the fact that it was the defendants who sought to apply preclusion in the second action. "When defendants do not claim prejudice as a result of a default judgment, there is no justification to give weight to that factor." *Id.* Here, it is not Lamphere who seeks the advantage of preclusion, but Shulman.

Shulman also argues that this case does not involve a default entered in the complete absence of the defendant. Instead, Lamphere filed an answer and counterclaims in the New Jersey proceeding and participated in the action until the discovery phase. But the New Jersey appellate court has refused to apply collateral estoppel to a default judgment obtained where a party initially participated in the proceedings. *See Maglificio Allesandra*, 453 A.2d at 906-07, 910. And the Bankruptcy Court for the District of New Jersey recently rejected collateral estoppel under circumstances analogous to this case. *See Grumbine v.*

-4-

*Azeglio (In re Azeglio)*, 422 B.R. 490 (Bankr. D. N.J. 2010). Stating that

"New Jersey courts . . . agree that collateral estoppel may not be applied in the

case of a default judgment," that court continued, "[w]hat is not so clear is how

the New Jersey Supreme Court might rule on the applicability of collateral

estoppel" where a defendant actively participated in pretrial activity but failed to

appear at trial due to lack of notice. *Id.* at 494-95.

> A review of New Jersey Supreme Court and Superior Court, Appellate Division, issue preclusion cases suggests that the New Jersey Supreme Court is unlikely to afford preclusive effect to a state court judgment where the defendant participated in pretrial proceedings but did not have notice of and did not appear for the trial. These cases apply collateral estoppel only when the defendant in the initial action had the opportunity to fully and actively participate in the actual trial, and the manner in which the trial was conducted merited a bar to relitigation of the issues determined.

*Id.* at 495.

We recognize that Lamphere had notice of the state trial and chose not to

appear. Given New Jersey's general rule and the lack of New Jersey authority to

the contrary, however, we conclude that the New Jersey Supreme Court would be

unlikely to apply collateral estoppel simply because Lamphere initially

participated in the suit. This determination is reinforced by the *Restatement

(Second) of Judgments*, which New Jersey follows, *see Maglificio Allesandra*,

453 A.2d at 909. "In the case of a judgment entered by . . . default, none of the

issues is actually litigated. Therefore, the rule of this Section does not apply with

respect to any issue in a subsequent action." *Restatement (Second) of Judgments*,

-5-

§ 27 cmt. e (1982). The *Restatement* urges a uniform application of the preclusion rules:

> It is true that it is sometimes difficult to determine whether an issue was actually litigated; even if it was not litigated, the party's reasons for not litigating in the prior action may be such that preclusion would be appropriate. But the policy considerations . . . weigh strongly in favor of nonpreclusion, and it is in the interest of predictability and simplicity for such a result to obtain uniformly.

*Id.* Moreover, by all indications, Lamphere simply stopped participating in the New Jersey action, which distinguishes this case from other circumstances which may justify applying collateral estoppel to a default judgment. *Cf. Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009) (applying collateral estoppel to a federal default judgment where "[t]he default was not entered because of [debtor's] failure to contest the issue but rather because his efforts in contesting it were abusive"), *cert. denied*, 130 S. Ct. 1739 (2010).

### *Conclusion*

Because the bankruptcy court did not err in declining to apply collateral estoppel, the judgment is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-6-