In re Jack E. MORAN, Debtor.

Mary M. SPINNENWEBER
et al., Plaintiffs,

v.

Jack E. MORAN, Defendant.

Bankruptcy No. 3–92–02061.
Adv. Proc. 3–92–0264.

United States Bankruptcy Court,
S.D. Ohio,
W.D.

March 8, 1993.

Robert G. Sanker, Keating, Muething & Klekamp, Cincinnati, OH, for plaintiffs.

Richard A. Boucher, Altick & Corwin, Dayton, OH, for defendant.

U.S. Trustee, Columbus, OH.

## DECISION AND ORDER DENYING DEFENDANT'S "MOTION TO DISMISS"

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is defendant's motion to dismiss the plaintiffs' complaint under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. This court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and the standing order of reference entered in this judicial district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I)—determinations as to the dischargeability of particular debts.

### FACTS

1) Plaintiffs Mary Monica Spinnenweber and J. Daniel Spinnenweber filed the instant adversary proceeding against the defendant, Jack E. Moran ("debtor"), alleging that a claim against the debtor arose as a

**494**

result of debtor's defalcation while acting in a fiduciary capacity with respect to transactions occurring in 1981 and 1982;

2) Previously, the plaintiffs filed a complaint in state court against Carlton Machine Tool Co. on June 21, 1984, and by virtue of a "First Amended Complaint" in those proceedings added the debtor as a defendant on January 23, 1985. In their amended state court complaint, plaintiffs alleged that:

> 28. As a result of the October 29, 1982, transaction, [debtor] Moran, as a common stock shareholder of Carlton or otherwise, received, to the best of Plaintiffs, information and belief, approximately $380,000 that Carlton should have used to redeem plaintiffs' preferred stock shares.
> 29. Pursuant to Article nine, Section (a), Plaintiffs were entitled to be redeemed and paid out prior to any payment by Moran. By receiving proceeds from this transaction without plaintiffs' stock having been redeemed, Moran has wrongfully received money which rightfully belongs to the plaintiffs. Doc. # 6, Exh. B.

In their request for relief in state court, the plaintiffs demanded that:

> Defendant Moran be held jointly and severally liable with Carlton for the redemption of the plaintiffs' preferred stock to the extent of all monies paid to him by Carlton that should have been paid by Carlton to plaintiffs to redeem their preferred stock as a result of the October 29, 1982 transactions. *Id.*

3) On July 5, 1989, the plaintiffs filed with the state court a "Motion for Leave to Amend First Amended Complaint" in order to "explicitly assert claims for Moran's breach of his fiduciary duty both as an officer and director of Carlton and as its controlling shareholder." Doc. # 6, Exh. H.

4) The debtor filed a petition in bankruptcy under chapter 7 of the Bankruptcy Code on April 28, 1992. As of that date the state court had not ruled on the plaintiffs' motion to amend their first amended complaint.

### CONCLUSIONS OF LAW

Pursuant to Fed.R.Civ.P. 12(b)(6) defendant/debtor has filed a motion to dismiss the plaintiffs' complaint on the ground that the complaint fails to state a claim upon which relief can be granted. As previously stated in this court's order of January 26, 1993 (Doc. 13), the motion will be treated as one for summary judgment because the court is considering matters outside the plaintiffs' complaint. The issues raised by the debtor's motion to dismiss concern Ohio's statute of limitations for filing actions and the effect of the plaintiffs' previous state court pleadings upon the present adversary proceeding.

The defendant/debtor points out that, in state court, the plaintiffs did not specifically plead a claim for breach of fiduciary duty as an officer and director and/or breach of fiduciary duty as a controlling shareholder. It is the debtor's position that under Ohio law such claims are for fraud and/or constructive fraud, and that such claims must be plead with specificity.[1] Because the plaintiffs did not plead fraud with specificity in their state court complaint and first amended complaint, the debtor asserts that the plaintiffs have failed to bring their suit for breach of fiduciary duty within the four year period required by the Ohio statute of limitations.[2]

■ Initially, the court notes that the debtor's characterization of a breach of fiduciary duty as necessarily being a species of fraud is incorrect under *federal bankruptcy law*. Section 523(a)(4) of the Bankruptcy Code is not restricted to fraud while acting in a fiduciary capacity, but also encompasses defalcation:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> . . . .

---

1. "In all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b).

2. Under Ohio Rev.Code § 2305.09 an action for fraud must be brought within four years after the cause has accrued.

(4) for fraud *or defalcation* while acting in a fiduciary capacity, embezzlement, or larceny (emphasis supplied).

As a result, the debtor's conduct is not required to rise to the level of fraud to support an adjudication of nondischargeability:

Under 11 U.S.C. Section 523(a)(4), there is a clear distinction between fraud "or" defalcation. Both the common law tort of fraud and fraud sufficient to avoid the discharge of a debt require the element of intent. However defalcation sufficient to avoid the discharge of a debt in bankruptcy does not require the element of intent. *Morales v. Codias (In re Codias),* 78 B.R. 344, 346 (Bankr.S.D.Fla. 1987).

Generally, defalcation is a failure to account for money or property that has been entrusted to one. [citations omitted] It is broader than embezzlement or misappropriation. It can be a mere deficit resulting from the debtor's misconduct, even though he derived no personal gain therefrom. [citations omitted] *American Metals Corp. v. Cowley (In re Cowley),* 35 B.R. 526, 529 (Bankr.D.Kan. 1983).

While defalcation, in the context of Section 523(a)(4) does not always lend itself to a precise definition, it is clear that it is more encompassing than either "embezzlement" or "misappropriation." *Anderson v. Currin (In re Currin),* 55 B.R. 928, 934 (Bankr.D.Colo.1985).

■ Therefore, a complaint seeking recovery for defalcation is not subject to the specificity requirements regarding averments of fraud under Fed.R.Civ.P. 9(b).

■ Thus far, this decision has addressed only the debtor's objections regarding the specificity of the plaintiffs' pleadings. However, a discussion of specificity in pleadings provides an insufficient basis to dispose of the debtor's motion. A broader examination of the difference between state court actions and dischargeability proceedings in bankruptcy court is required

in order to properly explain the court's ruling on the debtor's motion. Implicit in the debtor's motion is the premise that the plaintiffs must have alleged a breach of fiduciary duty in state court to preserve their claim against the debtor under Ohio's statute of limitations and to bring the same claim in bankruptcy court. There is a fundamental flaw in the debtor's position in that it fails to recognize the distinction between a suit brought under state law to enforce state created rights and a suit filed in bankruptcy court to determine dischargeability issues under § 523(a) of the Bankruptcy Code. In bankruptcy court there are two separate and distinct causes of action:

One cause of action is on the debt and the other cause of action is on the dischargeability of that debt, a cause of action that arises solely by virtue of the Bankruptcy Code and its discharge provisions. *Brockenbrough v. Taylor (In re Taylor),* 54 B.R. 515, 517–518 (Bankr. E.D.Va.1985) (quoting 3 Collier on Bankruptcy para. 523.11 at 523–75 n. 9 (15th ed. 1985)).

Until the debtor filed his petition for relief under the Bankruptcy Code, the plaintiffs obviously had no cause of action under § 523(a)(4). *Id.* Therefore, whether or not the pleadings in state court referred to fiduciary duties of the debtor is irrelevant. The only relevant question with respect to Ohio's statute of limitations is whether the plaintiffs sought to *enforce* their *"debt"* against the debtor within the period prescribed by the statute of limitations. The debtor does not dispute that the plaintiffs did so. In the instant adversary proceeding, the *nature* of the alleged debt, i.e., whether the debt is of a type determined by Congress to be nondischargeable, is to be decided by this court.[3]

The same rationale is applicable even where a creditor has proceeded to judgment in state court under one theory of recovery and subsequently seeks a determination that the debt is nondischargeable in

**3.** Dischargeability issues under § 523(a)(2), (4), and (6) are within the exclusive jurisdiction of

the bankruptcy court. 11 U.S.C. § 523(c).

bankruptcy under a theory different from that asserted in state court:

> The applicability of 11 U.S.C. § 523 is a federal question and, therefore, this court is not precluded from finding embezzlement was committed by the debtor even though the state court judgment included only breaches of contract and fiduciary duty. *Damian Manufacturing Co., Ltd. v. Corwin (In re Corwin)*, 76 B.R. 221, 223 (Bankr.S.D.Fla.1987).

 In short, there is no requirement that the allegations of a complaint filed in state court prior to a debtor filing a petition in bankruptcy correspond to the elements of the grounds contained in § 523(a) of the Bankruptcy Code. Otherwise, plaintiffs in state court would be required to anticipate the bankruptcy of every defendant and litigate every conceivable issue under § 523(a) in the event a defendant should subsequently file bankruptcy. Such needless litigation is not required by the Bankruptcy Code. *See Frank v. Daley (In re Daley)*, 776 F.2d 834 (9th Cir.1985). When a creditor is attempting to obtain a judgment in state court it may be assumed that it is the success of the litigation and the amount of recovery that are significant to the creditor and not the particular theory of recovery.

To succeed in a motion for summary judgment, a "movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). "This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Id.* This burden has not been met by the debtor and, therefore, summary judgment will not be granted.[4]

4. It is not surprising that the debtor has not fulfilled the requirements of *Street v. J.C. Bradford & Co.*, and the court intends no criticism of either the debtor or his counsel. The debtor filed his motion to dismiss the plaintiffs' complaint with an eye towards demonstrating that the complaint failed to state a claim upon which

For the foregoing reasons, it is hereby ORDERED that the debtor's motion to dismiss plaintiffs' complaint is DENIED.

In accordance with Fed.R.Bankr.P. 7012(a), defendant shall serve an answer or responsive pleading upon plaintiffs within ten (10) days.

IT IS SO ORDERED.

relief could be granted and focused upon Ohio's statute of limitations and the plaintiffs' previous state court pleadings. The debtor did not request summary judgment. Only because of Sixth Circuit precedent and this court's previous order was Rule 56 made applicable to the debtor's motion.