RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0159P (6th Cir.)
File Name: 02a0159p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

TERRELL DIAMOND,
      *Plaintiff-Appellant,*

    *v.*

STEVEN HOWD,
      *Defendant-Appellee.*

No. 00-6323

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 98-01198—Thomas A. Higgins, District Judge.

Argued: February 1, 2002

Decided and Filed: May 7, 2002

Before: MARTIN, Chief Circuit Judge; GILMAN, Circuit
Judge; EDMUNDS, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Phillip L. Davidson, Nashville, Tennessee, for
Appellant. Rita M. Roberts-Turner, METROPOLITAN
LEGAL DEPARTMENT, Nashville, Tennessee, for

---

[*] The Honorable Nancy G. Edmunds, United States District Judge for
the Eastern District of Michigan, sitting by designation.

1

Appellee. **ON BRIEF:** Phillip L. Davidson, Nashville, Tennessee, for Appellant.    Dennis W. Stanford, METROPOLITAN LEGAL DEPARTMENT, Nashville, Tennessee, for Appellee.

─────────────

**OPINION**

─────────────

BOYCE F. MARTIN, JR., Chief Circuit Judge.  Plaintiff, Terrell Diamond, appeals (1) the district court's admission into evidence of an audiotape of her telephone conversation with a police dispatcher and (2) the district court's directed verdict in favor of defendant, Officer Steven Howd, on Diamond's false arrest claim under 42 U.S.C. § 1983.  We AFFIRM the district court's decision to admit the audiotape into evidence, REVERSE its judgment granting Howd's motion for judgment as a matter of law, and REMAND so that the probable cause issue may be submitted to a jury.

I.

According to Diamond, on the day of her arrest, she had three or four drinks before having dinner with her husband and several friends.  During their meal, Diamond and her husband had a heated argument, which continued after dinner in front of the restaurant.  Upset and unwilling to leave with either her husband or his friends, Diamond flagged down a passing motorist and entered his car.  The motorist – apparently having witnessed the argument – was speaking to a police dispatcher on his mobile telephone when Diamond entered his car.  While the motorist drove her a short distance to a second restaurant, Diamond herself spoke with the dispatcher.  During the conversation, Diamond reacted hysterically to the dispatcher's questions.

Shortly after the motorist dropped Diamond off at the second restaurant, Officer Howd arrived.  He informed Diamond that he was responding to a "911 call" regarding domestic violence. According to Howd, Diamond smelled of

alcohol and was unable or unwilling to tell him where she was staying or where her husband or his friends were. At some point during the questioning, Diamond turned to leave. When Howd grabbed her arm to restrain her, she stomped on his foot.

Howd arrested Diamond. She was subsequently charged with public intoxication, resisting arrest, and assault. Diamond waived a state preliminary hearing for the criminal charges. The criminal trial jury acquitted Diamond of the public intoxication charge and hung on the resisting arrest and assault charges.

Her attorney claimed that he made a strategic decision to waive her preliminary hearing because Tennessee law does not afford the accused an opportunity to obtain discovery from the prosecution prior to such a hearing. He anticipated filing a lawsuit against Howd under section 1983 and believed that the state court's preliminary probable cause determination would bind the court adjudicating her section 1983 claim under *Smith v. Thornburg*, 136 F.3d 1070 (6th Cir. 1998). Because he was unwilling to litigate the probable cause issue without the benefit of discovery, Diamond's attorney sought to preserve the issue by waiving her preliminary hearing.

Diamond filed a lawsuit against Howd under section 1983, alleging that he arrested her without probable cause and used excessive force during her arrest. At trial, over Diamond's objection, the district court permitted Howd to introduce the audiotape of Diamond's conversation with the police dispatcher into evidence. Although Howd had not heard the audiotape before he arrested Diamond, the district court determined the audiotape was relevant because it demonstrated Diamond's state of mind before Howd's arrival.

The district court granted judgment as a matter of law in favor of Howd, under Rule 50(a) of the Federal Rules of Civil Procedure, on the issue of whether Howd had probable cause to arrest Diamond. It found (1) that Diamond's waiver of the state preliminary hearing collaterally estopped her from

litigating the issue of probable cause and (2) that the evidence, examined in the light most favorable to Diamond, demonstrated the existence of probable cause. The jury returned a verdict for Howd on the issue of excessive force. Diamond appealed the district court's directed verdict and its admission of the audiotape into evidence.

## II.

We review the district court's decision to admit the police audiotape under an abuse of discretion standard. *United States v. Hilliard*, 11 F.3d 618, 619 (6th Cir. 1993). Even if the district court abused its discretion by admitting a piece of evidence, its decision should not be reversed unless it affected the substantial rights of a party. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401; *see also United States v. Carter*, 969 F.2d 197, 201 (6th Cir. 1992). Relevant evidence is generally admissible. FED. R. EVID. 402. Relevant evidence, however, may excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

The district court found that the portion of the audiotape upon which Diamond's conversation could be heard was relevant in establishing her state of mind before Howd's arrival. The district court further found that playing the tape would not result in any undue delay and that the tape's contents were not substantially more prejudicial than probative. Because the audiotape's reproduction of Diamond's hysterical conversation was no more prejudicial than Howd's account of her drunken behavior, we cannot say that admission of that tape was so prejudicial that it affected Diamond's substantial rights. Accordingly, we find that the

## IV.

We AFFIRM the district court's decision to admit the audiotape. Because the district court erred in granting Howd's motion for judgment as a matter of law, however, we REVERSE the judgment of the district court and REMAND the case so that the issue of whether Howd had probable cause to arrest Diamond can be submitted to a jury.

The test for whether an officer had probable cause to make an arrest is whether, at the instant of the arrest, "the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Moreover, "the existence of probable cause in a section 1983 action presents a jury question, unless there is only one reasonable determination possible." *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001) (citation omitted).

Tennessee law defines public intoxication as follows:

A person commits the offense of public intoxication who appears in a public place under the influence of a controlled substance or any other intoxicating substance to the degree that:
(1) The offender may be endangered;
(2) There is endangerment to other persons or property; or
(3) The offender unreasonably annoys people in the vicinity.

Tenn. Code Ann. § 39-17-310(a) (West 2002).

Here, while the record suggests that Diamond's behavior was characteristic of a state of inebriation, it does not *compel* a determination that Howd had reasonable trustworthy information sufficient to warrant a belief that Diamond presented a danger to herself, presented a danger to others, or was annoying others. Accordingly, we find that a reasonable jury could have concluded that Howd lacked probable cause to arrest Diamond.

district court did not abuse its discretion by admitting the audiotape.

### III.

We review *de novo* a district court's decision to grant judgment as a matter of law under Rule 50(a). *Aparicio v. Norfolk & Western Ry. Co.*, 84 F.3d 803, 806 (6th Cir. 1996). Judgment as a matter of law on a specific issue is appropriate when, viewing the evidence in the light most favorable to the nonmovant, (1) "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue" or (2) the nonmovant's position on that issue represents "a claim or defense that cannot under the controlling law be maintained." FED. R. CIV. PROC. 50(a); *see also Sawchick v. E.I. Du Pont de Nemours & Co.*, 783 F.2d 635, 636 (6th Cir. 1986).

### A.

Relying on *Smith v. Thornburg*, 136 F.3d 1070 (6th Cir. 1998), the district court determined that Diamond's waiver of a state preliminary hearing – to preserve the issue of probable cause until she could litigate it with the benefit of discovery – collaterally estopped Diamond from "relitigating" the issue of probable cause in her section 1983 lawsuit.

In *Thornburg*, we found that a claimant who unsuccessfully contested probable cause in a state preliminary hearing was collaterally estopped from litigating that issue in his subsequent section 1983 action. *Id.* at 1077. In support of its holding, the *Thornburg* court stated "[W]here 'the state affords an opportunity for an accused to contest probable cause at a preliminary hearing *and the accused does so*, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent section 1983 action.'" *Id.* (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir. 1987) *abrogated on other grounds Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)) (emphasis added). The district court reasoned that a logical extension of *Thornburg* suggests that a claimant who had the opportunity to participate in a

preliminary probable cause hearing but declined to do so is precluded from litigating the probable cause issue.

Our opinion in *Coogan*, a decision upon which the *Thornburg* court expressly relied, counsels against the district court's extension of *Thornburg*. In *Coogan*, we expressly contemplated the strategic decision that Diamond's counsel made here and suggested that such a decision should not be deemed preclusive. *Coogan*, 820 F.2d at 175 ("[E]ven when an opportunity for full adversary proceedings is afforded, strategic concerns may counsel against engaging in such an exercise at the early stages of a criminal proceeding."); *see also Russo v. City of Warren*, 54 F.3d 777, 1995 WL 276257, *3 (6th Cir. 1995) (unpublished opinion) (quoting *Coogan* for the proposition that "considerations which 'counsel against engaging in [a full adversary hearing] at the early stages of a criminal proceeding' are the type of strategic decisions which might negate any preclusive effect regarding that issue").

Similarly, under Tennessee collateral estoppel law, Diamond's failure to participate in a preliminary hearing likely would not preclude her from litigating the probable cause issue in a section 1983 lawsuit. *See, e.g., Dickerson v. Godfrey*, 825 S.W.2d 692, 694-95 (Tenn. 1992) ("[W]here the two causes of action are different, the judgment in the first suit is binding as an estoppel only as to those matters in issue, the inquiry being what point or question *was actually litigated* and determined in the original action, *not what might have been litigated and determined*.") (emphasis added); *Beatty v. McGraw*, 15 S.W.3d 819, 824 (Tenn. App. 1998) (collateral estoppel requires "that the issue sought to be precluded was *actually litigated* and decided on its merits in the earlier suit") (emphasis added); *see also Haring v. Prosise*, 426 U.S. 306, 313, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983) (federal court must apply state law of collateral estoppel).

Moreover, given that Diamond was not entitled to discovery before her state preliminary hearing, it is not at all clear that, even if she had participated, her preliminary

hearing would support collateral estoppel.[1] *See Googan*, 820 F.2d at 175 ("We do not hold that every determination in a preliminary hearing should be given preclusive effect in a subsequent section 1983 action. Some preliminary hearings are little more than formalities."); *see also Golino v. New Haven*, 950 F.2d 864, 869 (2d Cir. 1991) (finding that state preliminary hearing did not "provide a full and fair opportunity, for collateral estoppel purposes, to litigate the issue of probable cause" in part because the claimant had no access to police investigative file before hearing); *Whitley v. Seibel*, 676 F.2d 245, 249-50 (7th Cir. 1982) (finding that state preliminary hearing did not provide a basis for collateral estoppel where discovery was unavailable before the hearing and the preliminary probable cause determination was not appealable).

In light of the above, we find that the district court erred in determining that Diamond's waiver of a preliminary probable cause hearing precluded her from litigating the probable cause issue in her section 1983 lawsuit.

### B.

In reviewing a district court's decision to grant judgment as a matter of law under Rule 50(a) on the basis of insufficient evidence, we "must, without weighing the credibility of the witnesses, ascertain whether the record contains sufficient evidence from which the jury could find in favor of the party against whom the motion is made." *Roh v. Lakeshore Estates, Inc.*, 241 F.3d 491, 497 (6th Cir. 2001). A court should not grant judgment as a matter of law unless "it is clear that reasonable people could come to but one conclusion from the evidence." *Lewis v. City of Irvine*, 899 F.2d 451, 454-55 (6th Cir. 1990).

---

[1] The state preliminary hearing in *Thornburg* also took place in Tennessee. The *Thornburg* court, however, noted that the plaintiff's lawyer "arrived at the preliminary hearing ready to try the case." *Thornburg*, 136 F.3d at 1077 n.10. Thus, it is apparent that pre-hearing discovery had been made available.