**Dorna S. FITTEN, Plaintiff–Appellant.**

v.

**CHATTANOOGA–HAMILTON COUNTY HOSPITAL AUTHORITY, doing business as Erlanger Medical Center, Defendant–Appellee.**

No. 02–6444.

United States Court of Appeals, Sixth Circuit.

Sept. 5, 2003.

Dorna S. Fitten, pro se, Chattanooga, TN, for Plaintiff–Appellant.

Carlos C. Smith, James R. Rogers, Mark W. Smith, Strang, Fletcher, Carriger, Walker, Hodge & Smith, Chattanooga, TN, for Defendant–Appellee.

Before GUY and DAUGHTREY, Circuit Judges; and LAWSON, District Judge.*

## ORDER

Dorna S. Fitten, a Tennessee resident proceeding pro se, appeals the district court judgment dismissing her employment discrimination complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking reinstatement and monetary damages, Fitten sued her former employer Chattanooga–Hamilton County Hospital Authority, d/b/a Erlanger Health System (Hospital). Fitten, who is African–American, alleged, among other things, that the Hospital discriminated against her on the basis of her race when the Hospital disciplined her. After a period of discovery, the case proceeded to trial. The Hospital moved for judgment as a matter of law at the close of Fitten's evidence. *See* Fed. R.Civ.P. 50. The district court granted the motion, and Fitten appealed.

On appeal, Fitten argues that the district court erred by granting judgment as a matter of law to the Hospital and by excluding evidence that would have shown that she was treated differently because of her race.

This court reviews de novo a district court's decision to grant judgment as a matter of law. *Diamond v. Howd,* 288 F.3d 932, 935 (6th Cir.2002). Judgment as a matter of law is appropriate where, after a party has been fully heard on an issue, "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a).

■ Upon review, we conclude that the district court properly granted judgment to the Hospital. Fitten began working for the Hospital in 1986. From 1988 until 2000, she worked in the payroll department. Her supervisors were J. Britton

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

Tabor, and C.J. Beslin. Under a Hospital employee policy introduced in 1999, rudeness to customers and/or visitors was an offense punishable by discharge. For purposes of the policy, other Hospital employees were considered customers of the payroll department. In the Fall of 2000. Tabor and Beslin received several complaints from Hospital employees about Fitten. The complaints charged that Fitten referred to the nurses at the hospital as "cheating, lying nurses," that she was uncooperative with a new employee's request for help to complete a direct deposit form, that she criticized harshly an employee who made a mistake in payroll records, and that she was generally unhelpful and rude.

Tabor and Charlesetta Woodard–Thompson, vice president of human resources, met with Fitten and Beslin to discuss the complaints. Fitten denied any wrong-doing. Tabor, Woodard–Thompson, and Beslin presented Fitten with a "work improvement plan." Fitten was given the choice of signing the plan, transferring to another department, or being discharged. Fitten refused to sign the work improvement plan. On December 7, 2000, she turned in her keys and security badge and left the Hospital.

Fitten did not establish a prima facie case of discrimination. Assuming she met the first three elements, Fitten did not meet the fourth because she failed to identify a comparable non-protected person who was treated better. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir.1992). The only example Fitten offered involved Tabor. Fitten testified that if a white Hospital employee called the payroll department with a complaint. Tabor handled it personally, but if a black employee had a complaint. Tabor referred the employee to Fitten or Beslin. At most, this testimony showed that Tabor treated white Hospital employees who had complaints against the payroll department more favorably than black employees with complaints against the payroll department. Fitten did not identify any white employee within the payroll department or in a similar position who was treated more leniently than she was when accused of being rude to fellow employees. *See Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir.1994).

■ Even if Fitten did establish a prima facie case, she did not show that the Hospital's legitimate, non-discriminatory reasons for disciplining her were pretexts for discrimination. *See Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994). Fitten did not dispute that employees complained about her, that her supervisors were concerned about those complaints, or that Hospital employees could be disciplined for rudeness. Fitten failed to carry her ultimate burden of presenting evidence upon which a jury could find that she was treated unfairly because of her race. *See Texas Dep't of Cmty, Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

■ We further conclude that the district court did not abuse its discretion when the court excluded testimony that Fitten considered to be proof of racial discrimination. *See Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir.1998). The incidents that Fitten referred to did not involve multiple complaints from fellow employees about rudeness or an employee who was unwilling to accept the Hospital's discipline. Thus, Fitten's employment situation was not "nearly identical" to those of the white employees she claimed were treated more favorably. *See Pierce*, 40 F.3d at 802.

The district court did not abuse its discretion when the court excluded the testimony Fitten offered, and, based on the

testimony presented at trial, the Hospital was entitled to a judgment as a matter of law. For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.