**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

In Re:

WOLFGANG FRIEDRICH
ZWANZIGER,

        Debtor.

_____

WILLIAM M. CLARK, JR., Chapter 7
Trustee of the Bankruptcy Estate of
James R. Hamilton; and RICHARD A.
KUS,

        Plaintiffs - Appellants,

v.

WOLFGANG FRIEDRICH
ZWANZIGER,

        Defendant - Appellee.

No. 12-6123

_____

**APPEAL FROM FROM THE UNITED STATES**
**BANKRUPTCY APPELLATE PANEL**
**(BAP NO. 11-080-WO)**

_____

_Submitted on the Briefs_

Bruce F. Klein, Bruce F. Klein, PLLC, Oklahoma City, Oklahoma, for Appellants.

Mike Rose, Michael J. Rose, P.C., Oklahoma City, Oklahoma, for Appellee.

_____

Before **TYMKOVICH**, **HOLLOWAY**, and **GORSUCH**, Circuit Judges.

_____

**TYMKOVICH**, Circuit Judge.

_____

This is the second appeal arising from an employment dispute between plaintiffs James Hamilton and Richard Kus and their former employer, Water Whole International, and its owner, Wolfgang Zwanziger. In this appeal, we consider a novel question: Does issue preclusion apply in bankruptcy court to a final determination in district court that a party waived an issue?

We conclude issue preclusion does not apply to the waiver finding here. Therefore, exercising jurisdiction under 28 U.S.C. § 158(d)(1), we REVERSE the judgment of the Bankruptcy Appellate Panel and REMAND for the bankruptcy court to REINSTATE its order.[1]

## I. Background

_____

[1] The BAP's final decision is appealable when the BAP does not remand for "significant further proceedings." *See Farmers Home Admin. v. Buckner* (*In re Buckner*), 66 F.3d 262, 265 (10th Cir. 1995). Here, the BAP remanded the case to the bankruptcy court only for entry of judgment without emotional distress damages. The bankruptcy court had already calculated the amount of emotional distress damages separately, so under the BAP's remand instructions, the bankruptcy court would only have to subtract that amount from the rest of the award. And "mere ministerial computations involving little judicial discretion"—like simple arithmetic—are *not* "significant further proceedings." *Id.* (internal quotation marks omitted). Thus, the BAP's decision is appealable.

-2-

Hamilton and Kus sued Zwanziger for fraud and violations of Oklahoma's wage laws. A jury found Zwanziger liable and awarded Hamilton and Kus a combined sum of $573,000. Zwanziger appealed.

On appeal, we affirmed the jury's verdict on liability but reversed on damages. We noted that Hamilton and Kus had failed to include damages for emotional distress in the final pretrial order, even though they listed such damages in their complaint. Thus, we concluded that the district court erred in instructing the jury to consider emotional distress damages anyway. *Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 797 (10th Cir. 2008) (citing *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) ("damages not included in the pretrial order are waived even if they appeared in the complaint")). And because we could not determine what portion of the award came from damages for emotional distress, we remanded to the district court to recalculate damages independently of emotional distress. *Id.* at 798.

But before the district court could recalculate damages, Zwanziger declared bankruptcy. Kus and William Clark, as trustee of Hamilton's estate (since Hamilton also had declared bankruptcy),[2] then filed a complaint in bankruptcy court to determine how much of Zwanziger's liability was not dischargeable.

---

[2] We refer to Hamilton and Clark interchangeably throughout this opinion, using the one or the other depending on which person stood in Hamilton's shoes at that point in the litigation.

The bankruptcy court concluded that our prior judgment finally decided Zwanziger's liability to Clark and Kus for fraud. But because we reversed the damages award and did not issue one of our own, the bankruptcy court believed the issue of the amount of damages remained unresolved. And because the bankruptcy court was determining only the amount of damages not dischargeable in bankruptcy (rather than the total amount of damages owed pre-bankruptcy), the bankruptcy court believed it was not bound by our remand instructions to the district court. After reviewing both sides' damages case, the bankruptcy court awarded Clark and Kus a combined sum of $181,300 in nondischargeable damages, $50,000 of which was for emotional distress.

Zwanziger appealed to the BAP, arguing that res judicata precluded the bankruptcy court from including damages for emotional distress. The BAP reversed in a split decision, holding that although res judicata (or claim preclusion) did not apply, issue preclusion did. *See Clark v. Zwanziger* (*In re Zwanziger*), 467 B.R. 475 (B.A.P. 10th Cir. 2012). The BAP majority concluded that the issue of whether Clark and Kus had waived emotional damages was fully and finally litigated in this court and thus was binding on the subsequent action.

One of the panelists, Judge Somers, dissented. Judge Somers agreed that claim preclusion did not apply, but he believed that issue preclusion did not apply either, because the Tenth Circuit decided a different issue than that facing the bankruptcy court. *Id.* at 489–90 (Somers, J., dissenting). Our original decision

addressed how to construe the district court's final pretrial order, while the bankruptcy court was addressing how much of Zwanziger's liability to Clark and Kus was dischargeable. *Id.* Further, explained Judge Somers, the parties never actually litigated the merits of emotional distress damages; they litigated only whether those damages had been waived in the district court trial. *Id.* at 490. Since the bankruptcy court proceeding involved a different question, he believed issue preclusion should not apply.

Asking us to adopt Judge Somers's position, Clark and Kus appeal the BAP's decision. Zwanziger asks that we affirm the BAP on issue preclusion.

## II. Discussion

"We review *de novo* . . . conclusions of law on the applicability of issue and claim preclusion." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (internal quotation marks omitted). "No deference to the bankruptcy court's determination is permitted in a *de novo* review." *Melnor, Inc. v. Corey* (*In re Corey*), 394 B.R. 519, 523 (B.A.P. 10th Cir. 2008) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991)), *aff'd*, 583 F.3d 1249 (10th Cir. 2009).

Federal common law governs the preclusive effect of a judgment of a federal court sitting in diversity. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). The "federally prescribed rule of decision" to determine

the preclusive effect of a diversity court's judgment is "the law that would be applied by state courts in the State in which the federal diversity court sits." *Id.*

This dispute arose in the Western District of Oklahoma sitting in diversity, so we apply Oklahoma law. Under Oklahoma law, as under federal law, issue preclusion applies to a decision on the merits of an issue of fact or law that the parties actually litigated. *Bronson Trailers & Trucks v. Newman*, 139 P.3d 885, 888 n.9 (Okla. 2006); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Issue preclusion . . . bars successive litigation of [1] *an issue of fact or law* [2] *actually litigated and resolved* in a valid court determination [3] *essential* to the prior judgment, even if the issue recurs in the context of a different claim." (emphasis added; internal quotation marks omitted)).

In this case, issue preclusion does not apply. A finding that an issue of fact or law is waived is not a decision on the merits. *See, e.g.*, *Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1490 (10th Cir. 1995) (because an argument was "waived," it was not addressed "on the merits"); *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 257 (D.C. Cir. 1992) (concluding that a court's rejection of an argument on grounds of procedural insufficiency is not a decision "on the merits"); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 325 (1971) (treating whether defenses are "waived" or "rejected . . . on the

merits" as two distinct inquiries). Thus, our waiver finding in the district court action does not preclude the bankruptcy court's merits analysis in its action.[3]

Zwanziger nevertheless asserts that finding parties waived an issue due to a procedural error is the type of finding entitled to preclusive effect in another case. To be sure, if we framed the issue in this way, we could conclude, like the BAP majority, that the parties actually litigated and we actually decided "the waiver of emotional distress damages for fraud." *In re Zwanziger*, 467 B.R. at 483.

But a waiver finding in one case is not the type of finding entitled to issue preclusion in another case. *See* 18A Charles Alan Wright et al., Fed. Prac. & Proc. Juris. § 4443 (2d ed., 2002 & Supp. Apr. 2013) ("[I]ssue preclusion is inappropriate [] because . . . pleading maneuvers in one suit should not carry such consequences in other suits."); *see also Borges Colon v. Roman-Abreu*, 438 F.3d 1, 19 (1st Cir. 2006) ("Where there has been no hearing, and therefore no findings, there can be no issue preclusion."). Rather, waiver as a general matter is a procedural determination that governs only the case in which it is made—not another case—except in the rare instance when waiver is imposed as a sanction intended to preclude future litigation of that substantive issue. *See, e.g.*, *In re Corey*, 583 F.3d at 1252 (applying issue preclusion based on a prior court's sanction because "applying preclusion doctrine here is likely to discourage

---

[3] By contrast, we affirmed the jury's verdict on the merits as to liability, so the bankruptcy court was correct that the jury's liability finding precluded relitigation of the issue of Zwanziger's liability.

-7-

obstructive and delaying tactics"). And here, no one contends that Hamilton and Kus's waiver of emotional damages in the prior appeal was imposed as a sanction.[4]

A Sixth Circuit case is instructive. In *Diamond v. Howd*, 288 F.3d 932 (6th Cir. 2002), the plaintiff had waived a hearing on probable cause in a prior case. Yet the Sixth Circuit found the plaintiff was not precluded from litigating probable cause in a subsequent case because she never actually litigated whether there was probable cause in the first case. *See id.* at 935–36.[5]

---

[4] The dissent states that this case is similar to *Corey*. Dissent at 2–3. But in *Corey* we specifically made an exception to the general rule that issue preclusion does not apply to unlitigated issues because of the appellant's "obstructive and delaying tactics" that merited a "sanction." *In re Corey*, 583 F.3d at 1251–52. By contrast, failure to include an issue in a pretrial order is not sanctionable conduct. And the dissent's emphasis on Hamilton and Kus's inadvertent failure to include emotional distress damages cuts even further in favor of finding that issue preclusion does not apply. Pretrial orders serve to narrow the issues at trial. Were we to apply issue preclusion to every case in which a plaintiff inadvertently omitted an issue in a pretrial order, it would encourage needless inclusion and litigation of issues and would "discourage compromise" and "tend to intensify litigation"—the very concerns that we cited in *Corey* in favor of not applying issue preclusion to unraised or uncontested issues. *See id.*

[5] The dissent disagrees because *Diamond* involved an "affirmative, strategic choice by a criminal defendant . . . to waive a preliminary hearing on probable cause." Dissent at 3. But in *Diamond*, the operative legal question under Tennessee law, as under Oklahoma law in this case, was whether the plaintiff ever *actually litigated* the merits of the issue in question. That she did not litigate the merits of the issue in a prior case because of a strategic decision—and not her own inadvertence—had no bearing on whether the legal elements of issue preclusion were met. *See Diamond*, 288 F.3d at 935–36.

This logic applies here: In the prior appeal, Hamilton and Kus litigated whether they had *waived* emotional distress damages by omission in a pretrial order. We decided that they did. *Hamilton*, 302 F. App'x at 797. We did not, however, decide the *merits* of Hamilton and Kus's claim for emotional distress damages. Accordingly, Hamilton, Clark (as the trustee of Hamilton's bankruptcy estate), and Kus are not precluded from litigating the issue of emotional damages in another case under a different pretrial order, as happened here. *See* Aplt. Br., Ex. B (bankruptcy court's own final pretrial order).

This result is consistent with the purposes of issue preclusion: conserving judicial resources and preventing inconsistent results. *See In re Corey*, 583 F.3d at 1252. We did not address the merits of Hamilton and Kus's emotional distress damages claim on appeal, so there is no risk of inconsistent results by the bankruptcy court deciding that issue here. And because Zwanziger declared bankruptcy, even if the district court had recalculated damages on remand, the bankruptcy court still would have to determine dischargeability, as it did here.

This result also does not encourage forum shopping. Zwanziger could have retained the benefit of our waiver finding in the prior appeal by declaring bankruptcy *only after* the district court recalculated damages on remand. Or after he declared bankruptcy, he could have asked the bankruptcy court to modify the stay so that the district court could finish its case under our remand instructions. *See* 11 U.S.C. § 362(d)(1). Or after Clark and Kus filed their complaint in

bankruptcy court, he could have asked the district court to withdraw the part of the adversary proceeding related to his unfinished district court case with Clark and Kus. *See* 28 U.S.C. § 157(d). That damages instead were retried in the *bankruptcy court's* case was no one's fault but Zwanziger's.

## III. Conclusion

Accordingly, we REVERSE the BAP's judgment and REMAND to the United States Bankruptcy Court for the Western District of Oklahoma with instructions to REINSTATE its original judgment dated August 10, 2011.

No. 12-6123, Clark v. Zwanziger

**HOLLOWAY**, Circuit Judge, dissenting:

Because I find the analysis of the majority of the Bankruptcy Appellate Panel persuasive and would affirm its judgment, I respectfully dissent.

The majority opinion refers to two lines of authority related to the issue here, lines which arise from two very distinct procedural-fact patterns. There appears to be a consensus view that issue preclusion should apply to one fact pattern but not to the other. Although the instant case may not fit squarely within either fact pattern, in my view the procedural facts of this case are much more similar to one pattern than to the other.

Because the issue is the application of the doctrine of issue preclusion, the fact patterns are distinguished by the nature or the context of the prior judicial ruling on which issue preclusion is sought by a party in a later case. The authorities found most apt by the majority are those in which issue preclusion was found inapplicable because "pleading maneuvers in one suit should not carry such consequences in other suits." Maj. op. at 7, citing 18A Charles Alan Wright *et al.*, *Fed. Prac. & Proc.: Jurisdiction 2d* § 4443. Unfortunately, the majority does not explain why the facts of this case resemble a deliberate "pleading maneuver."

The other authorities to which the majority opinion alludes arise from the context of a prior ruling in which an issue was foreclosed as a sanction for a party's misconduct of some sort. We have applied issue preclusion to a question

that was resolved in that manner.  *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d

1249 (10th Cir. 2008).

Although the majority opinion treats this as if it arose from a context

similar to those found in the "pleading maneuver" cases, no explanation is offered

for this, nor is any apparent to me.  There is no suggestion at all that the Plaintiff

employees deliberately failed to include emotional distress damages in the pretrial

order in the prior case, nor is there any legitimate reason why they would have

done so.  I simply do not see anything similar to a deliberate choice here.

Arguably the fact pattern of the instant case does not *quite* fall within the

category of factual issues resolved against a litigant as a sanction.  Yet the

context seems to me much closer to this fact pattern than to the "pleading

maneuver" fact pattern.  Here, as the majority opinion notes, in the first trial of

the matter the district judge allowed evidence of emotional distress to be

presented to the jury and instructed the jury on the theory over the objection of

the Defendant employer that emotional distress had not been included in the

pretrial order.  This court, in the prior appeal, reversed the district judge on that

point and remanded for the district court to decide whether the verdict could still

stand or if a new trial were necessary on damages.[1]  The failure to include

emotional distress in the pretrial order was, it seems to me, at least somewhat

_____

[1]*Hamilton v. Water Whole Int'l Corp.*, 302 Fed. Appx. 789, 797 (10th Cir. 2008) (unpublished).

similar to the conduct which led this court to apply issue preclusion in *Corey*, 583 F.3d 1249.

I think that a decision to apply issue preclusion – to affirm the BAP – would find support in the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part: "If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action *or any claim against it.* Unless the dismissal order states otherwise, a dismissal under this rule . . . operates as an adjudication on the merits." Rule 16 requires that all issues be included in the pretrial order. Thus, injecting the issue of damages for emotional distress into the trial was, or may be seen as, a failure to abide by the rules. In response, the district court should have dismissed the "claim" for those damages at trial, and its order would have been "an adjudication on the merits" by the terms of Rule 41(b). *See* 18A Charles Alan Wright *et al.*, *Fed. Prac. & Proc.: Jurisdiction 2d* § 4440.

Issue preclusion is an equitable doctrine to be applied in the court's discretion. *See Arapahoe County Public Airport Authority v. F.A.A.*, 242 F.3d 1213, 1220 (10th Cir. 2001). Looking at the issue in context and thinking of the equities involved, I see no strong reason to relieve the Plaintiffs from the effect of their procedural waiver. But for the error by the district court in the first trial, the first appeal would have resolved the dispute entirely with the Plaintiffs recovering nothing for their emotional distress. I see no reason why the fact that the first

-3-

trial judge erred should result in Plaintiffs getting the proverbial second bite at the apple.

I fail to understand why the majority finds *Diamond v. Howd*, 288 F.3d 932 (6th Cir. 2002), to be "instructive." Instead, like the BAP majority, I do not find that case instructive because it involved "an affirmative, strategic choice by a criminal defendant . . . to waive a preliminary hearing on probable cause." *Clark v. Zwanziger (In re Zwanziger)*, 467 B.R. 475, 486 n.41. Indeed, the *Diamond* court's focus on the specific context of that case counsels strongly against extending its rationale to the present case, in my view. Thus, the Sixth Circuit, quoting an earlier opinion, said that "*strategic concerns* may counsel against engaging" in an effort to litigate probable cause "at the early stages of a criminal proceeding," 288 F.3d at 935 (emphasis added), and then noted that there had been no discovery in the earlier criminal proceeding against Ms. Diamond, which made that prior holding particularly applicable in Ms. Diamond's case. The context of the instant case bears no resemblance to that of *Diamond*.[2]

---

[2]The majority opinion contradicts itself. After citing the general rule that issue preclusion should not apply to issues not previously raised because of a "pleading maneuver," the opinion goes on to say, with regard to *Diamond*, that the "fact that Ms. Diamond "did not litigate the merits of the issue in a prior case because of a strategic decision – and not her own inadvertence – had no bearing on whether the legal elements of issue preclusion were met." Maj. op. at 8, n.5. That view of the case is not indisputable, given that in the pages cited by the majority the Sixth Circuit spoke of "the strategic decision," "strategic concerns," and "strategic decisions." *Diamond*, 288 F.3d at 935-36.

The majority opinion's analysis is focused on whether the issue of emotional distress damages was "actually litigated" in the prior proceedings. But the majority acknowledges that in the waiver line of authorities issue preclusion is properly applied when the issue was not "actually litigated" in the normal sense.[3] Again, my view is that the instant case is more like those waiver cases than it is like the pleading maneuver cases on which the proposed opinion relies.

Therefore, I would affirm the decision of the majority of the Bankruptcy Appellate Panel and must respectfully dissent from the majority opinion here.

---

[3]*See* prop. op. at 7, citing *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249 (10th Cir. 2008).