TYMKOVICH, Circuit Judge.
This is the second appeal arising from an employment dispute between plaintiffs James Hamilton and Richard Kus and their former employer, Water Whole International, and its owner, Wolfgang Zwanziger. In this appeal, we consider a novel question: Does issue preclusion apply in bankruptcy court to a final determination in district court that a party waived an issue?
We conclude issue preclusion does not apply to the waiver finding here. Therefore, exercising jurisdiction under 28 U.S.C. § 158(d)(1), we REVERSE the judgment of the Bankruptcy Appellate Panel and REMAND for the bankruptcy court to REINSTATE its order.[1]
*76 I. Background
Hamilton and Kus sued Zwanziger for fraud and violations of Oklahoma’s wage laws. A jury found Zwanziger liable and awarded Hamilton and Kus a combined sum of $573,000. Zwanziger appealed.
On appeal, we affirmed the jury’s verdict on liability but reversed on damages. We noted that Hamilton and Kus had failed to include damages for emotional distress in the final pretrial order, even though they listed such damages in their complaint. Thus, we concluded that the district court erred in instructing the jury to consider emotional distress damages anyway. Hamilton v. Water Whole Int’l Corp., 302 Fed.Appx. 789, 797 (10th Cir.2008) (citing Wilson v. Muckala, 303 F.3d 1207, 1215 (10th Cir.2002) (“damages not included in the pretrial order are waived even if they appeared in the complaint”)). And because we could not determine what portion of the award came from damages for emotional distress, we remanded to the district court to recalculate damages independently of emotional distress. Id. at 798.
But before the district court could recalculate damages, Zwanziger declared bankruptcy. Kus and William Clark, as trustee of Hamilton’s estate (since Hamilton also had declared bankruptcy),[2] then filed a complaint in bankruptcy court to determine how much of Zwanziger’s liability was not dischargeable.
The bankruptcy court concluded that our prior judgment finally decided Zwan-ziger’s liability to Clark and Kus for fraud. But because we reversed the damages award and did not issue one of our own, the bankruptcy court believed the issue of the amount of damages remained unresolved. And because the bankruptcy court was determining only the amount of damages not dischargeable ■ in bankruptcy (rather than the total amount of damages owed pre-bankruptcy), the bankruptcy court believed it was not bound by our remand instructions to the district court. After reviewing both sides’ damages case, the bankruptcy court awarded Clark and Kus a combined sum of $181,300 in nondis-chargeable damages, $50,000 of which was for emotional distress.
Zwanziger appealed to the BAP, arguing that res judicata precluded the bankruptcy court from including damages for emotional distress. The BAP reversed in a split decision, holding that although res judicata (or claim preclusion) did not apply, issue preclusion did. See Clark v. Zwanziger (In re Zwanziger), 467 B.R. 475 (10th Cir. BAP 2012). The BAP majority concluded that the issue of whether Clark and Kus had waived emotional damages was fully and finally litigated in this court and thus was binding on the subsequent action.
One of the panelists, Judge Somers, dissented. Judge Somers agreed that claim preclusion did not apply, but he believed that issue preclusion did not apply either, because the Tenth Circuit decided a different issue than that facing the bankruptcy court. Id. at 489-90 (Somers, J., dissenting). Our original decision addressed how to construe the district court’s final pre *77 trial order, while the bankruptcy court was addressing how much of Zwanziger’s liability to Clark and Kus was dischargeable. Id. Further, explained Judge Somers, the parties never actually litigated the merits of emotional distress damages; they litigated only whether those damages had been waived in the district court trial. Id. at 490. Since the bankruptcy court proceeding involved a different question, he believed issue preclusion should not apply.
Asking us to adopt Judge Somers’s position, Clark and Kus appeal the BAP’s decision. Zwanziger asks that we affirm the BAP on issue preclusion.
II. Discussion
“We review de novo ... conclusions of law on the applicability of issue and claim preclusion.” Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne, 698 F.3d 1295, 1301 (10th Cir.2012) (internal quotation marks omitted). “No deference to the bankruptcy court’s determination is permitted in a de novo review.” Melnor, Inc. v. Corey (In re Corey), 394 B.R. 519, 523 (10th Cir. BAP 2008) (citing Salve Regina Coll. v. Russell, 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991)), aff'd, 583 F.3d 1249 (10th Cir.2009).
Federal common law governs the preclusive effect of a judgment of a federal court sitting in diversity. Semtek Int’l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). The “federally prescribed rule of decision” to determine the preclusive effect of a diversity court’s judgment is “the law that would be applied by state courts in the State in which the federal diversity court sits.” Id.
This dispute arose in the Western District of Oklahoma sitting in diversity, so we apply Oklahoma law. Under Oklahoma law, as under federal law, issue preclusion applies to a decision on the merits of an issue of fact or law that the parties actually litigated. Bronson Trailers & Trucks v. Newman, 139 P.3d 885, 888 n. 9 (Okla.2006); see also Taylor v. Sturgell, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (“Issue preclusion ... bars successive litigation of [1] an issue of fact or law [2] actually litigated and resolved in a valid court determination [3] essential to the prior judgment, even if the issue recurs in the context of a different claim.” (emphasis added; internal quotation marks omitted)).
In this case, issue preclusion does not apply. A. finding that an issue of fact or law is waived is not a decision on the merits. See, e.g., Bowdry v. United Airlines, Inc., 58 F.3d 1483, 1490 (10th Cir.1995) (because an argument was “waived,” it was not addressed “on the merits”); Yamaha Corp. of Am. v. United States, 961 F.2d 245, 257 (D.C.Cir.1992) (concluding that a court’s rejection of an argument on grounds of procedural insufficiency is not a decision “on the merits”); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 325, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) (treating whether defenses are “waived” or “rejected ... on the merits” as two distinct inquiries). Thus, our waiver finding in the district court action does not preclude the bankruptcy court’s merits analysis in its action.[3]
Zwanziger nevertheless asserts that finding parties waived an issue due to a procedural error is the type of finding entitled to preclusive effect in another *78 case. To be sure, if we framed the issue in this way, we could conclude, like the BAP majority, that the parties actually litigated and we actually decided “the waiver of emotional distress damages for fraud.” In re Zwanziger, 467 B.R. at 483.
But a waiver finding in one case is not the type of finding entitled to issue preclusion in another case. See 18A Charles Alan Wright et al., Fed. Prac. & Proc. Juris. § 4443 (2d ed., 2002 & Supp. Apr. 2013) (“[I]ssue preclusion is inappropriate [ ] because ... pleading maneuvers in one suit should not carry such consequences in other suits.”); see also Borges Colon v. Roman-Abreu, 438 F.3d 1, 19 (1st Cir.2006) (“Where there has been no hearing, and therefore no findings, there can be no issue preclusion.”). Rather, waiver as a general matter is a procedural deter mination that governs only the case in which it is made — not another case — except in the rare instance when waiver is imposed as a sanction intended to preclude future litigation of that substantive issue. See, e.g., In re Corey, 583 F.3d at 1252 (applying issue preclusion based on a prior court’s sanction because “applying preclusion doctrine here is likely to discourage obstruetive and delaying tactics”). And here, no one contends that Hamilton and Kus’s waiver of emotional damages in the prior appeal was imposed as a sanction.[4]
A Sixth Circuit case is instructive. In Diamond v. Howd, 288 F.3d 932 (6th Cir.2002), the plaintiff had waived a hearing on probable cause in a prior case. Yet the Sixth Circuit found the plaintiff was not precluded from litigating probable cause in a subsequent case because she never actually litigated whether there was probable cause in the first case. See id. at 935-36.[5]
This logic applies here: In the prior appeal, Hamilton and Kus litigated whether they had waived emotional distress damages by omission in a pretrial order. We decided that they did. Hamilton, 302 Fed.Appx. at 797. We did not, however, decide the merits of Hamilton and Kus’s claim for emotional distress damages. Accordingly, Hamilton, Clark (as the trustee of Hamilton’s bankruptcy estate), and Kus are not precluded from litigating the issue of emotional damages in another case under a different pretrial order, as happened here. See Aplt. Br., Ex. B (bankruptcy court’s own final pretrial order).
*79 This result is consistent with the purposes of issue preclusion: conserving judicial resources and preventing inconsistent results. See In re Corey, 583 F.3d at 1252. We did not address the merits of Hamilton and Kus’s emotional distress damages claim on appeal, so there is no risk of inconsistent results by the bankruptcy court deciding that issue here. And because Zwanziger declared bankruptcy, even if the district court had recalculated damages on remand, the bankruptcy court still would have to determine discharge-ability, as it did here.
This result also does not encourage forum shopping. Zwanziger could have retained the benefit of our waiver finding in the prior appeal by declaring bankruptcy only after the district court recalculated damages on remand. Or after he declared bankruptcy, he could have asked the bankruptcy court to modify the stay so that the district court could finish its case under our remand instructions. See 11 U.S.C. § 362(d)(1). Or after Clark and Kus filed their complaint in bankruptcy court, he could have asked the district court to withdraw the part of the adversary proceeding related to his unfinished district court case with Clark and Kus. See 28 U.S.C. § 157(d). That damages instead were retried in the bankruptcy court’s case was no one’s fault but Zwanziger’s.
III. Conclusion
Accordingly, we REVERSE the BAP’s judgment and REMAND to the United States Bankruptcy Court for the Western District of Oklahoma with instructions to REINSTATE its original judgment dated August 10, 2011.

. The BAP’s final decision is appealable when the BAP does not remand for "significant further proceedings.” See Farmers Home Admin. v. Buckner (In re Buckner), 66 F.3d 263, 265 (10th Cir.1995). Here, the BAP remanded the case to the bankruptcy court only for entry of judgment without emotional distress damages. The bankruptcy court had already *76 calculated the amount of emotional distress damages separately, so under the BAP’s remand instructions, the bankruptcy court would only have to subtract that amount from the rest of the award. And “mere ministerial computations involving little judicial discretion” — like simple arithmetic — are not "significant further proceedings.” Id. (internal quotation marks omitted). Thus, the BAP’s decision is appealable.

. We refer to Hamilton and Clark interchangeably throughout this opinion, using the one or the other depending on which person stood in Hamilton’s shoes at that point in the litigation.

. By contrast, we affirmed the jury’s verdict on the merits as to liability, so the bankruptcy court was correct that the jury’s liability finding precluded relitigation of the issue of Zwanziger’s liability.

. The dissent states that this case is similar to Corey. Dissent at 79-80. But in Corey we specifically made an exception to the general rule that issue preclusion does not apply to unlitigated issues because of the appellant’s "obstructive and delaying tactics” that merited a "sanction.” In re Corey, 583 F.3d at 1251-52. By contrast, failure to include an issue in a pretrial order is not sanctionable conduct. And the dissent’s emphasis on Hamilton and Kus’s inadvertent failure to include emotional distress damages cuts even further in favor of finding that issue preclusion does not apply. Pretrial orders serve to narrow the issues at trial. Were we to apply issue preclusion to every case in which a plaintiff inadvertently omitted an issue in a pretrial order, it would encourage needless inclusion and litigation of issues and would "discourage compromise” and "tend to intensify litigation” — the very concerns that we cited in Corey in favor of-not applying issue preclusion to unraised or uncontested issues. See id.

. The dissent disagrees because Diamond involved an “affirmative, strategic choice by a criminal defendant ... to waive a preliminary hearing on probable cause.” Dissent at 80. But in Diamond, the operative legal question under Tennessee law, as under Oklahoma law in this case, was whether the plaintiff ever actually litigated the merits of the issue in question. That she did not litigate the merits of the issue in a prior case because of a strategic decision — and not her own inadvertence — had no bearing on whether the legal elements of issue preclusion were met. See Diamond, 288 F.3d at 935-36.