HOLLOWAY, Circuit Judge,
dissenting:
Because I find the analysis of the majority of the Bankruptcy Appellate Panel persuasive and would affirm its judgment, I respectfully dissent.
The majority opinion refers to two lines of authority related to the issue here, lines which arise from two very distinct procedural-fact patterns. There appears to be a consensus view that issue preclusion should apply to one fact pattern but not to the other. Although the instant case may not fit squarely within either fact pattern, in my view the procedural facts of this case are much more similar to one pattern than to the other.
Because the issue is the application of the doctrine of issue preclusion, the fact patterns are distinguished by the nature or the context of the prior judicial ruling on which issue preclusion is sought by a party in a later case. The authorities found most apt by the majority are those in which issue preclusion was found inapplicable because “pleading maneuvers in one suit should not carry such consequences in other suits.” Maj. op. at 78, citing 18A Charles Alan Wright et al., Fed. Prac. & Proc.: Jurisdiction 2d § 4443. Unfortunately, the majority does not explain why the facts of this case resemble a deliberate “pleading maneuver.”
The other authorities to which the majority opinion alludes arise from the context of a prior ruling in which an issue was foreclosed as a sanction for a party’s misconduct of some sort. We have applied issue preclusion to a question that was resolved in that manner. Melnor, Inc. v. Corey (In re Corey), 583 F.3d 1249 (10th Cir.2009).
Although the majority opinion treats this as if it arose from a context similar to those found in the “pleading maneuver” cases, no explanation is offered for this, nor is any apparent to me. There is no suggestion at all that the Plaintiff employees deliberately failed to include emotional distress damages in the pretrial order in *80 the prior case, nor is there any legitimate reason why they would have done so. I simply do not see anything similar to a deliberate choice here.
Arguably the fact pattern of the instant case does not quite fall within the category of factual issues resolved against a litigant as a sanction. Yet the context seems to me much closer to this fact pattern than to the “pleading maneuver” fact pattern. Here, as the majority opinion notes, in the first trial of the matter the district judge allowed evidence of emotional distress to be presented to the jury and instructed the jury on the theory over the objection of the Defendant employer that emotional distress had not been included in the pretrial order. This court, in the prior appeal, reversed the district judge on that point and remanded for the district court to decide whether the verdict could still stand or if a new trial were necessary on damages.[1] The failure to include emotional distress in the pretrial order was, it seems to me, at least somewhat similar to the conduct which led this court to apply issue preclusion in Corey, 583 F.3d 1249.
I think that a decision to apply issue preclusion — to affirm the BAP — would find support in the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part: “If the plaintiff fails to ... comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this rule ... operates as an adjudication on the merits.” Rule 16 requires that all issues be included in the pretrial order. Thus, injecting the issue of damages for emotional distress into the trial was, or may be seen as, a failure to abide by the rules. In response, the district court should have dismissed the “claim” for those damages at trial, and its order would have been “an adjudication on the merits” by the terms of Rule 41(b). See 18A Charles Alan Wright et al., Fed. Prac. & Proc.: Jurisdiction 2d § 4440.
Issue preclusion is an equitable doctrine to be applied in the court’s discretion. See Arapahoe County Public Airport Authority v. F.A.A., 242 F.3d 1213, 1220 (10th Cir.2001). Looking at the issue in context and thinking of the equities involved, I see no strong reason to relieve the Plaintiffs from the effect of their procedural waiver. But for the error by the district court in the first trial, the first appeal would have resolved the dispute entirely with the Plaintiffs recovering nothing for their emotional distress. I see no reason why the fact that the first trial judge erred should result in Plaintiffs getting the proverbial second bite at the apple.
I fail to understand why the majority finds Diamond v. Howd, 288 F.3d 932 (6th Cir.2002), to be “instructive.” Instead, like the BAP majority, I do not find that case instructive because it involved “an affirmative, strategic choice by a criminal defendant ... to waive a preliminary hearing on probable cause.” Clark v. Zwanziger (In re Zwanziger), 467 B.R. 475, 486 n. 41. Indeed, the Diamond court’s focus on the specific context of that case counsels strongly against extending its rationale to the present case, in my view. Thus, the Sixth Circuit, quoting an earlier opinion, said that “strategic concerns may counsel against engaging” in an effort to litigate probable cause “at the early stages of a criminal proceeding,” 288 F.3d at 935 (emphasis added), and then noted that there had been no discovery in the earlier crimi *81 nal proceeding against Ms. Diamond, which made that prior holding particularly applicable in Ms. Diamond’s case. The context of the instant case bears no resemblance to that of Diamond.[2]
The majority opinion’s analysis is focused on whether the issue of emotional distress damages was “actually litigated” in the prior proceedings. But the majority acknowledges that in the waiver line of authorities issue preclusion is properly applied when the issue was not “actually litigated” in the normal sense.[3] Again, my view is that the instant case is more like those waiver cases than it is like the pleading maneuver cases on which the proposed opinion relies.
Therefore, I would affirm the decision of the majority of the Bankruptcy Appellate Panel and must respectfully dissent from the majority opinion here.

. Hamilton v. Water Whole Int'l Corp., 302 Fed.Appx. 789, 797 (10th Cir.2008) (unpublished).

. The majority opinion contradicts itself. After citing the general rule that issue preclusion should not apply to issues not previously raised because of a “pleading maneuver,” the opinion goes on to say, with regard to Diamond, that the "fact that Ms. Diamond” “did not litigate the merits of the issue in a prior case because of a strategic decision — and not her own inadvertence — had no bearing on whether the legal elements of issue preclusion were met.” Maj. op. at 78, n. 5. That view of the case is not indisputable, given that in the pages cited by the majority the Sixth Circuit spoke of “the strategic decision,” “strategic concerns,” and “strategic decisions.” Diamond, 288 F.3d at 935-36.

. See prop. op. at 77, citing Melnor, Inc. v. Corey (In re Corey), 583 F.3d 1249 (10th Cir.2008).